

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2005

# Sujono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sujono v. Atty Gen USA" (2005). *2005 Decisions.* Paper 782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1037

———

DANIEL SUJONO

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES

———

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A 79 326 585)

———

Submitted Under Third Circuit LAR 34.1(a)
on 11/15/04

Before: ROTH , SMITH, and WEIS, <u>Circuit Judges</u>.

(Filed:  July 26, 2005)

———

OPINION

———

ROTH, Circuit Judge:

Daniel Sujono arrived in the United States on or about October 15, 2002 as a non-immigrant B-2 visitor with authorization to remain in the United States until January 13, 2001. The former Immigration and Naturalization Service (INS) served Sujono with a Notice to Appear on August 20, 2000, charging that he had remained in the United States beyond the date authorized by his visa. Appearing with counsel, Sujono admitted the charges and conceded that he was subject to removal, whereupon he requested asylum, withholding of removal and relief under the Convention Against Torture (CAT). His requests were based on allegations of past and potential religious persecution in Indonesia. Following an administrative removal hearing, the Immigration Judge (IJ) denied Sujono any relief. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision without opinion. Sujono filed a petition for review of that decision.

At the time of his arrival in the United States, Sujono was married, but his wife remained behind in Indonesia. Sujono is ethnic Chinese and Javanese and was raised as a Muslim. Sujono claims he converted to Christianity in 1993, after experiencing several spiritual visions. He met his future wife shortly thereafter, and she converted to Christianity prior to their marriage. They lived in a largely Muslim town in Borneo and frequently held Christian Fellowship at their home. Sujono testified that his neighbors routinely disturbed these meetings. Out of fear that he and his wife could face greater

persecution, they moved to Jakarta and became involved in a Pentecostal Christian church. Approximately two years later, Sujono applied for a visa and passport and left for the United States without informing his wife. Since arriving in the United States, Sujono continues to correspond with his wife by telephone and mail.

We have jurisdiction pursuant to § 242(a) of the Immigration and Nationality Act ("INA), 8 U.S.C. § 1252(a) to review timely filed petitions for review of final orders of the BIA. We have plenary review of a challenge to affirmance without opinion (AWO). *Dia v. Ashcroft*, 353 F.3d 228, 238 (3d Cir. 2003) (*en banc*). When the BIA affirms the decision of the IJ without opinion, we review the IJ's decision as the final agency detemination. *Id.* at 245. As to the denial of asylum based on an adverse credibility determination, we inquire whether the IJ's determination "was appropriately based on inconsistent statements, contradictory evidences and inherently improbable testimony . . . in view of the background evidence on country conditions." *Id.* at 249. To reverse a rejection of a claim for asylum or withholding of removal, we must conclude that "no reasonable fact finder could make the finding on the administrative record." *Id.*

Sujono's contention that the AWO issued by the BIA violated his right to due process under the Fourteenth Amendment fails under our decision in *Dia*. In *Dia*, we held that "the streamlining of regulations [including AWO's] do not violate the Due Process Clause of the Constitution." *Id.* at 238. Consistent with this holding, we hereby reject Sujono's due process claim.

3

As for the denial of the claims for asylum and withholding of removal, under the current statutory regime, Sujono has the burden of supporting his claim through credible testimony at all stages of the proceedings. *See* 8 C.F.R. § 208.13(a). The IJ must weigh the testimony for credibility comprising the heart of the applicant's case. *See id.* Consequently, a finding that the applicant is not credible will result in a failure to present "sufficient" evidence to support the applicant's burden of proof. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

Here, the IJ's conclusion that Sujono was not credible was supported by substantial evidence on two critical issues of his case. First, Sujono did not provide adequate documentation establishing his Chinese ethnicity, one of the major points of controversy in his case. Furthermore, his testimony contradicted the evidence presented at his hearing regarding this issue, leading to questions about his credibility.

Second, the IJ's conclusion that Sujono's claim of religious persecution "contained omissions and inconsistent statements" was supported by substantial evidence. Specifically, the IJ found that Sujono's statements regarding his conversion from Islam to Christianity, and his willingness to keep his Muslim name after converting to Christianity, severely hindered his credibility. The IJ noted that, while these inconsistencies standing alone were not dispositive of an adverse credibility determination, "the numerous discrepancies, omissions, and ambiguities in [Sujono's] story weaken his overall claim."

Moreover, the BIA has strictly limited the confines of religious or political

4

"persecution" to "serious threats to life or freedom or the infliction of significant harm on the applicant, as a means of punishment for holding a characteristic that the persecutor seeks to overcome." *See Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *modified on other grounds, Matter of Mogharrabi*, 19 I. & N. Dec. 439, 446 (BIA 1987). In this case, Sujono has failed to demonstrate such persecution. Sujono claims only that he was taunted and "beat up" as a child because of his religious beliefs, but that such harassment subsided by the time he was an adult. Furthermore, the facts supporting Sujono's more recent allegations of religious persecution do not meet the requisite standard set forth by the BIA. Sujono claims that his Christian Fellowship meetings were often interrupted by dissenting neighbors, but he only cites one instance of minor vandalism to support his argument. Such name calling does not meet the requisite standard of "persecution."

Furthermore, the IJ did not err in dismissing Sujono's argument that he would face persecution if forced to return to his native Indonesia. Sujono's assertions regarding such fears are unsupported by any evidence in the record.

For the foregoing reasons, Sujono's petition for review is denied by the Court.